# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHYLLIS MCLAIN, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO. 13-979 |
| | : | |
| WAL-MART STORE #5495 and | : | |
| WAL-MART STORES EAST, LP, | : | |
|     Defendants. | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                         April 8, 2013

      This is a personal injury action here on diversity jurisdiction. Before me is plaintiff Phyllis McLain's motion to remand. For the following reasons, I will deny the motion.

## I.     BACKGROUND

      On October 22, 2012, McLain filed a one-count complaint against Walmart in the Philadelphia County Court of Common Pleas for injuries sustained when she was struck by a motorized cart. McLain alleges that Walmart "negligently allowed [the] motorized cart . . . to be operated by someone who was not properly trained or supervised." Compl. ¶ 7. McLain filed the action in the court's arbitration program, checked the box indicating that the amount in controversy was "$50,000 or less," and demanded damages "in an amount not in excess of the arbitration limits, plus interest and costs." Id. *ad damnum* clause.

      On November 29, 2012, Walmart was served the compliant. On January 7, 2013, Walmart filed its answer with new matter, alleging in relevant part that "Plaintiff's

damages, if any, are limited to an amount not in excess of $75,000.00 at the arbitration and/or trial of this matter." Doc. No. 6, Ex. I.B., ¶ 32. On January 29, 2013, McLain denied this allegation in her reply to new matter. Doc. No. 6, Ex. I.C.

Given the inconsistency between McLain's complaint, in which she alleged that damages are limited to $50,000, and her reply to new matter, in which she denied that damages are limited to $75,000, defense counsel sought clarification from plaintiff's counsel via email on January 30, 2013. Defense counsel requested a stipulation limiting damages to $75,000 and indicated that if plaintiff's counsel did not respond by February 12, 2013, it would be defense counsel's understanding that McLain is unwilling to stipulate. Doc. No. 5, Ex. E. Plaintiff's counsel never responded. Doc. No. 5, ¶ 12.

On February 25, 2013, Walmart filed a notice of removal, invoking this court's diversity jurisdiction. 28 U.S.C. § 1332(a). McLain filed the instant motion to remand. She does not dispute that the parties are diverse or that the amount in controversy exceeds $75,000; rather, she contends only that Walmart's removal was untimely.

## II. STANDARD OF REVIEW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Generally, a notice of removal must be "filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Id. § 1446(b)(1). However, "if the case stated by the initial

2

pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3).

"[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). Walmart bears the burden of showing its removal was timely. Marchiori v. Vanguard Car Rental USA, Inc., CIV.A. 05-5685, 2006 WL 724445, at *1 (E.D. Pa. Mar. 17, 2006).

**III. DISCUSSION**

McLain argues pursuant to § 1446(b)(1) that Walmart had until December 20, 2012—thirty days after it was served the complaint—to remove this case. Walmart counters that McLain's "initial pleading [was] not removable" and that, pursuant to § 1446(b)(3), it therefore had thirty days to remove the case following receipt of McLain's reply to new matter, which first placed it on notice "that the case is one which is or has become removable."

I agree with Walmart. McLain's complaint did not, on its face, provide grounds for removal. McLain specifically demanded damages "in an amount not in excess of the arbitration limits, plus interest and costs"; that is, not in excess of $50,000. See 42 Pa. Cons. Stat. Ann. § 7361(b). McLain's complaint otherwise contains only equivocal allegations of injury, e.g., Compl. ¶ 13 ("McLain has suffered injuries which are *or may*

3

*be* serious and permanent . . . ."), from which Walmart "could not have conducted an objective calculation of damages that would have placed [it] on notice of an amount in controversy in excess of $75,000," Bishop v. Sam's E., Inc., CIV.A. 08-4550, 2009 WL 1795316, at *4 (E.D. Pa. June 23, 2009). In this district, "general, boilerplate allegations of injury," even coupled with a demand for damages *in excess* of $50,000, have been deemed insufficient to trigger the thirty-day removal period. Id.; see also Judge v. Philadelphia Premium Outlets, CIV.A 10-1553, 2010 WL 2376122, at *3 (E.D. Pa. June 8, 2010) (collecting cases). It follows that McLain's allegations, coupled with her demand for damages *not in excess* of $50,000, were certainly insufficient to place Walmart on notice that the case was removable.

Walmart did not receive notice of facts supporting removability until McLain filed on January 29, 2013, her reply to new matter, in which she denied Walmart's allegations that damages were not in excess of $75,000. McLain's reply to new matter constituted an "other paper" under § 1446(b)(3) sufficient to trigger the thirty-day removal period. Bishop, 2009 WL 1795316, at *4-5; see also Alston v. Wal-Mart Stores E., L.P., CIV.A. 12-3491, 2012 WL 4321973, at *2 (E.D. Pa. Sept. 20, 2012). Walmart's removal of this case on February 25, 2013, was therefore timely.

## IV. CONCLUSION

For the foregoing reasons, McLain's motion to remand is denied.

An appropriate order follows.

4